## Abstract of the Decision.

1. CARRIERS, § 4*—*when railroad is not common carrier.* A railroad company is not a common carrier of the traffic of an express company, but acts simply as its agent.

2. CARRIERS, § 82*—*what constitutes delivery to consignee by express company.* Where a carload of strawberries shipped by an express company as a common carrier was placed by the railroad company on its team tracks at destination which were used by the express company for its deliveries, and the consignee there opened the car, inspected the contents, and receipted and paid the charges for the shipment, *held* that there was a delivery to the consignee, notwithstanding when he went to unload the next day he found the car had been taken away by some one's mistake.

3. CARRIERS, § 96*—*when not liable for delay in delivery.* There can be no recovery against a railroad company for failure to perform a contract to deliver goods promptly where no goods are actually received by the company, but are received by an express company whose cars are carried by the railroad company.

---

## Heinrich Waldes et al., trading as Waldes & Company, Appellants, v. W. R. Hanes, Appellee.

### Gen. No. 22,593.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

## Statement of the Case.

Action by Heinrich Waldes, Siegmund Waldes, Ignatz Puc and Edward Meszenger, copartners, trading as Waldes & Company, plaintiffs, against W. R. Hanes, defendant, to recover for goods sold, to which the defendant claimed a set-off under a warranty of fitness of the goods for a special purpose. From a judgment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for defendant for $275, upon trial by a jury, plaintiffs appeal.

NORMAN K. ANDERSON, for appellants.

CARNAHAN, ELSDON & SLUSSER, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1526*—*when instructions are not reversibly erroneous.* Instructions which were so confusing, misleading and prejudicial as to compel reversal in a close case will not do so where under the undisputed evidence the jury returned the only verdict they could properly return.

2. INSTRUCTIONS, § 135*—*when failure to give instruction cannot be complained of.* Failure to give an instruction, in an action for damages, as to measure of damages cannot be complained of on appeal where neither party requested such an instruction.

3. SALES, § 404*—*what is measure of damages for breach of warranty of fitness for special purpose.* In an action for damages for breach of warranty of fitness for a special purpose of goods purchased, *held* that proper elements of damage were the difference between their agreed price and the price the purchaser was obliged to pay for goods that answered the purpose, also that the use of the unfit goods made worthless other goods on which they were used and also payment of freight and duty on the unfit goods.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.